United States District Court

For the Northern District of California

1

2

3

4

5             UNITED STATES DISTRICT COURT

6            NORTHERN DISTRICT OF CALIFORNIA

7

8   TONY BLACKMAN,                              No. C 05-5390 SI (pr)

9              Plaintiff,                       **ORDER OF DISMISSAL**

10         v.

11   ELOY MEDINA, etc.; et al.,

12              Defendants.
                                        /
13

14                              **INTRODUCTION**

15         Tony Blackman, an inmate at Salinas Valley State Prison, filed this pro se civil rights

16   action under 42 U.S.C. § 1983.  His complaint and amended complaint are now before the court

17   for review pursuant to 28 U.S.C. §1915A.

18

19                              **BACKGROUND**

20         This action began when Blackman filed a civil rights complaint in the Eastern District of

21   California.  The action was ordered transferred from the Eastern District to this District on

22   December 15, 2005. On December 29, 2005, the court sent Blackman a notice that his in forma

23   pauperis application was incomplete in that it did not have a certificate of funds or an inmate

24   trust account statement for the last six months.  Blackman filed an in forma pauperis application

25   on January 30, 2006 without the trust account statement or the certificate of funds.  He also filed

26   an amended complaint on January 30, 2006.   Normally, an amended complaint supersedes the

27   original complaint. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a

28   plaintiff waives all causes of action alleged in the original complaint which are not alleged in

1  the amended complaint.")  Here, however, it is necessary to review both pleadings to understand
2  and evaluate Blackman's claims.

3      The original complaint alleges that prison officials refused to process Blackman's
4  administrative appeals.   He allegedly appealed to correspond confidentially with "Black
5  correctional officer Mr. James. so plaintiff can request C/O Mr. James to be promoted to
6  correctional sergeant to (investigate) plaintiff illegal prison condition false imprisonment. and
7  that plaintiff be allowed to 'amend' plaintiff 1983 civil suit complaint filed August 22, 2005 and
8  to receive 'one copy' of plaintiff 1983 civil suit complaint filed August 22, 2005."  Complaint,
9  p. 4 (errors in source).

10      The amended complaint alleges that the inmate appeals coordinator refused to process
11  Blackman's inmate appeal concerning his in forma pauperis application.  The attachments to the
12  amended complaint show that Blackman received from this court a notice to file a completed in
13  forma pauperis application and on January 3, 2006, asked the trust account office to provide an
14  inmate trust account statement.  Apparently dissatisfied with the trust account office's failure to
15  immediately provide the requested materials, Blackman filed an inmate grievance about the
16  matter the next day.  The following day (i.e., January 5, 2006), Blackman's inmate appeal was
17  rejected as incomplete, with a handwritten note from the appeals coordinator: "in the action
18  requested, you state you want to know why the trust account office refused to sign the  in forma
19  pauperis. Attach copy of denial from trust office."  Amended Complaint, Exh. A.  The amended
20  complaint does not allege that Blackman took any further action to pursue his inmate appeal.
21  Blackman's amended complaint also stated he wanted to file an inmate appeal "so plaintiff can
22  request officer Mrs. S. Collins promotion to sergeant to (investigate) plaintiff's illegal prison
23  condition false imprisonment due to (liberty - deprivation)."  Amended Complaint, p. 4.

24
25                                      **DISCUSSION**
26      A federal court must engage in a preliminary screening of any case in which a prisoner
27  seeks redress from a governmental entity or officer or employee of a governmental entity.  See
28  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss

United States District Court

For the Northern District of California

**United States District Court**

For the Northern District of California

1   any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted,

2   or seek monetary relief from a defendant who is immune from such relief.  See id. at

3   1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  See Balistreri v. Pacifica Police

4   Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  A claim that is incomprehensible may be dismissed

5   as frivolous as it is without an arguable basis in law.  See Jackson v. Arizona, 885 F.2d 639, 641

6   (9th Cir. 1989).

7          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that

8   a right secured by the Constitution or laws of the United States was violated and (2) that the

9   violation was committed by a person acting under the color of state law.  See West v. Atkins,

10   487 U.S. 42, 48 (1988).

11          The complaint and the amended complaint do not state a claim upon which relief may be

12   granted.  First, there is no federal constitutional right to a prison administrative appeal or

13   grievance system for California inmates.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir.

14   1988); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996).  The denial of an inmate appeal

15   is not so severe a change in condition as to implicate the Due Process Clause itself and the State

16   of California has not created a protected interest in an administrative appeal system in its prisons.

17   California Code of Regulations, title 15 sections 1073 and 3084.1 grant prisoners in the county

18   jails and state prisons a purely procedural right: the right to have a prison appeal.  The

19   regulations simply require the establishment of a procedural structure for reviewing prisoner

20   complaints and set forth no substantive standards; instead, they provide for flexible appeal time

21   limits, see Cal. Code Regs. tit. 15, § 3084.6, and, at most, that "no reprisal shall be taken against

22   an inmate or parolee for filing an appeal," id. § 3084.1(d).  A provision that merely provides

23   procedural requirements, even if mandatory, cannot form the basis of a constitutionally

24   cognizable liberty interest.  See Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993); see also

25   Antonelli, 81 F.3d at 1430 (prison grievance procedure is procedural right that does not give rise

26   to protected liberty interest requiring procedural protections of Due Process Clause).  Blackman

27   had no federal constitutional right to a properly functioning appeal system.  An incorrect

28   decision on an administrative appeal or failure to process the appeal in a particular way therefore

United States District Court

For the Northern District of California

1  did not amount to a violation of his right to due process.

2  Second, the failure to process Blackman's inmate grievance or his in forma pauperis

3  request did not result in a denial of access to the courts because he did not suffer any actual

4  injury as a result of the alleged misconduct of prison officials.  A constitutional right of access

5  to the courts does exist, but to establish a claim for any violation of the right of access to the

6  courts, the prisoner must show that there was an inadequacy in the prison's legal access program

7  that caused him an actual injury.  See Lewis v. Casey, 518 U.S. 343, 350-51 (1996).  To prove

8  an actual injury, the prisoner must show that the inadequacy hindered him in presenting a non-

9  frivolous claim concerning his conviction or conditions of confinement.  See id. at 355.

10  Examples of impermissible hindrances include: a prisoner whose complaint was dismissed for

11  failure to satisfy some technical requirement which, because of deficiencies in the prison's legal

12  assistance facilities, he could not have known; and a prisoner who had "suffered arguably

13  actionable harm" that he wished to bring to the attention of the court, but was so stymied by the

14  inadequacies of the prison's services that he was unable even to file a complaint.  See id. at 351.

15  Mere delay in filing papers would not be enough, for example, if they were nevertheless timely

16  filed or accepted and considered by the court.  See Hudson v. Robinson, 678 F.2d 462, 466 (3d

17  Cir. 1982).  Here, no actual injury has occurred.  This court has not dismissed this action based

18  on Blackman's failure to submit the required inmate trust account materials or to exhaust

19  administrative remedies.  In fact, the deadline for filing the inmate trust account materials (i.e.,

20  thirty days after the December 29, 2005 notice from this court) had not even passed when

21  Blackman filed his amended complaint in which he complained that prison officials had not

22  provided him with the requested material.  Moreover, the exhibits attached to the amended

23  complaint indicate great impatience by Blackman rather than foot-dragging by prison officials:

24  within just one day of not having his request to the trust account office filled, he filed a

25  grievance and within just one more a day, the grievance was rejected as incomplete.  There also

26  is no indication that he attempted to provide the document requested to make his grievance

27  complete.  He alleges that the defendant refused to respond to his appeal, see Amended

28  Complaint, p. 2, but the rejection of the appeal as incomplete was not a refusal to respond.  The

4

United States District Court

For the Northern District of California

1  claim for denial of access to the courts is dismissed without leave to amend.

2       Third, even if this court assumes the discussion of the failure to process his inmate

3  grievances and his request for trust account materials was simply Blackman's effort to anticipate

4  and avoid a dismissal for an incomplete in forma pauperis application and/or failure to exhaust,

5  there's no constitutional claim based on the underlying problem Blackman was trying to address

6  in his inmate grievance.  He allegedly wanted to correspond confidentially with a correctional

7  officer and to have that officer promoted to a correctional sergeant to investigate his alleged

8  illegal imprisonment.  There is no constitutional right to confidential correspondence with a

9  correctional officer or to have particular personnel decisions made by a government agency or

10  to have an investigator appointed.

11

12  **CONCLUSION**

13       For the foregoing reasons, neither the complaint nor the amended complaint state a claim

14  upon which relief may be granted.  Leave to amend will not be granted because it would be

15  futile.  This action is dismissed.  The clerk shall close the file.

16       IT IS SO ORDERED.

17  Dated: March 10, 2006               _____

18                                  SUSAN ILLSTON
                         United States District Judge

19

20

21

22

23

24

25

26

27

28